Case 2:20-cv-00098   Document 26   Filed on 10/02/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALFREDO VASQUEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-98 |
| § | |
| ISAAC KWRTANG, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Alfredo Vasquez, an inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a Motion to Dismiss filed by Defendants Isaac Kwartang and Erick Echavarry. (D.E. 22). For the reasons set forth below, it is respectfully recommended that this motion be **DENIED**.

**I.    BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently residing at the McConnell Unit in Beeville, Texas. The facts giving rise to Plaintiff's claims in this lawsuit occurred during Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff sues the following defendants in his original complaint: (1) Dr. Isaac Kwartang; (2) Medical Manager Tonya Lawson; and (3) Assistant Warden Gene Miller. Plaintiff generally alleges that Defendants have violated his Eighth Amendment rights

and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A). Plaintiff seeks injunctive relief.

On May 27, 2020, the undersigned ordered service of Plaintiff's original complaint on the three defendants named therein. (D.E. 11). The undersigned subsequently granted Plaintiff's motion seeking leave to file an amended complaint. (D.E. 18).[1] In his amended complaint, Plaintiff now sues the TDCJ, Dr. Kwartang, and Physician Assistant (PA) Erick Echavarry. (D.E. 17). In seeking injunctive relief, Plaintiff claims that these defendants violated his Eighth Amendment rights and the ADA.

On July 7, 2020, the undersigned ordered service of the amended complaint on Defendants Kwartang and Echavarry (collectively "Defendants"). (D.E. 19). Defendants have filed a Motion to Dismiss this action pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915. (D.E. 22). Plaintiff has responded to Defendants' motion. (D.E. 25).

## II. DISCUSSION

Defendants contend in their Motion to Dismiss that Plaintiff has failed to comply with monetary sanctions imposed by the Fifth Circuit on him in a prior action, *Vasquez v. Thaler*, No. 10-40376 (5th Cir. Dec. 22, 2010). (D.E. 22, pp. 2-3). Defendants contend that, pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss this action *sua sponte* based on Plaintiff's failure to comply with the Fifth Circuit's order imposing sanctions. (D.E. 22, p. 6).

---

[1] When Plaintiff moved to amend his complaint, he also sought to dismiss Defendants Miller and Lawson from this case. (D.E. 15, p. 2). He did not include these individuals as defendants in his amended complaint. Accordingly, the undersigned respectfully recommends that Defendants Miller and Lawson be dismissed from this action.

Plaintiff responds that he does not have a history of filing frivolous lawsuits, petitions, or pleadings and that all prisoner civil rights actions filed by him have been resolved by a jury. (D.E. 25, p. 2). Plaintiff further points out that the sanctions imposed by the Fifth Circuit occurred in the context of a challenge to his current conviction and sentence. (D.E. 25, pp. 2-4).

In *Vasquez v. Taylor*, Plaintiff appealed the district court's denial of a motion filed pursuant to Federal Rule of Civil Procedure 60(b). The Fifth Circuit explained that the district court lacked jurisdiction to consider the Rule 60(b) motion because it was the functional equivalent of a successive federal habeas petition under 28 U.S.C. § 2254. The Fifth Circuit determined that sanctions were appropriate because Plaintiff had failed to heed a previous warning that "any future attempts to evade the requirements for filing a successive § 2254 petition . . . may result in the imposition of sanctions." *Vasquez v. Thaler*, No. 10-40376 (5th Cir. Dec. 22, 2010).

Accordingly, the Fifth Circuit ordered that: (1) Plaintiff must pay a $100 sanction; and (2) "[h]e is barred from filing in this court or any court subject to this court's jurisdiction any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *Id.* The appellate court further cautioned that Plaintiff may be subjected to additional and progressively more severe sanctions should he persist in challenging his conviction or sentence. *Id.*

Defendants next cite to *Vasquez v. Monroe*, No, 2:12-CV-384 (S.D. Tex. Jan. 8, 2013), in which this Court dismissed Plaintiff's § 1983 complaint based on his failure to

comply with the $100 sanction order issued by the Fifth Circuit in *Vasquez v. Thaler* as well as a second $100 sanction order issued against Plaintiff in *In re: Alfredo Vasquez*, No. 11-90007 (5th Cir. Apr. 14, 2011).  Magistrate Judge B. Janice Ellington concluded that dismissal of Plaintiff's § 1983 action was appropriate because Plaintiff denied ever having been sanctioned by another court and because he failed to show that he had satisfied the Fifth Circuit sanctions. (*Vasquez v. Monroe*, No, 2:12-CV-384, D.E. 9, p. 2).  Magistrate Judge Ellington further concluded that Plaintiff had not demonstrated he suffered from imminent danger with respect to his claims sufficient to warrant excusing him from compliance with the sanction orders.  (*Id.*).

Plaintiff acknowledges in his amended complaint that the Fifth Circuit had imposed sanctions against him in 2010.  (D.E. 17, p. 4).  Plaintiff does not indicate in connection with this action whether he has paid any of the monetary sanctions assessed by the Fifth Circuit.  The undersigned nevertheless disagrees with the reasoning set forth in *Vasquez v. Monroe* and finds that Plaintiff's action should not be subject to dismissal based on Plaintiff's failure to comply with the sanctions order issued by the Fifth Circuit.

In both sanction orders issued by the Fifth Circuit, Plaintiff only was barred from submitting challenges to his conviction and sentence until the sanctions were paid in full.  Neither sanction order barred Plaintiff from filing a § 1983 prisoner civil rights action challenging the conditions of his confinement until after the sanctions were paid.  Furthermore, despite making general claims about the frivolous and repetitive nature of Plaintiff's lawsuits, Defendants have not identified to the Court any instances where a civil action filed by Plaintiff was dismissed pursuant to 28 U.S.C. § 1915(g) as frivolous,

malicious, or for failure to state a claim.[2]  Plaintiff, therefore, should not be barred from proceeding with this prisoner civil rights case.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that: (1) Defendants Tonya Lawson and Gene Miller be **DISMISSED** from this action; and (2) Defendants' Motion to Dismiss (D.E. 22) be **DENIED**.

Respectfully submitted this 2nd day of October, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

---

[2] Because Defendants cannot show that Plaintiff is barred from bringing this action pursuant to either the sanction orders issued by the Fifth Circuit or the three-strikes provision of § 1915(g), the undersigned need not consider Defendants' contention that Plaintiff has failed to show he was in imminent danger of serious physical danger at the time he filed this action.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).