United States District Court
Southern District of Texas
**ENTERED**
July 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00098 |
| | § | |
| ISAAC KWARTANG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DENY PLAINTIFF'S MOTIONS FOR TEMPORARY
### RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

Plaintiff Alfredo Vasquez, an inmate proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Temporary Restraining Order (TRO) and Motion for Preliminary Injunction. (D.E. 45). For the reasons set forth below, it is respectfully recommended that these motions be **DENIED**.

## I.    PROCEDURAL BACKGROUND AND ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently residing at the McConnell Unit in Beeville, Texas. The facts giving rise to Plaintiff's claims in this lawsuit occurred during Plaintiff's current assignment to the McConnell Unit in Beeville, Texas.

Plaintiff sues the following defendants in his amended complaint: (1) the TDCJ; (2) Dr. Isaac Kwarteng (Dr. Kwarteng);[1] and (3) Physician Assistant Erick Echavarry (PA Echavarry).   (D.E. 17).   Plaintiff claims that Defendants have violated his Eighth Amendment rights and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A).   Plaintiff seeks declaratory and injunctive relief.

Plaintiff alleges the following relevant facts. From 2005 through 2013, Plaintiff complained about his inability to urinate when in the close proximity of other inmates. (D.E. 17, p. 1).   Plaintiff was diagnosed with an inflamed prostate and prescribed medication.   In 2013, a physician's assistant at TDCJ diagnosed Plaintiff with a social phobia called "paruresis," which is a fear of urinating around the presence of others. According to Plaintiff, "[t]he psych department people" indicated that Plaintiff would benefit by being housed in a single cell.

Around 2013, Plaintiff was diagnosed with category two kidney disease.  In 2017, Plaintiff's kidney disease had progressed to category three.  PA Echavarry informed Plaintiff that his condition had progressed due to chronic urine retention and fluid restriction.   Despite knowing about Plaintiff's urination problems since 2012, PA Echavarry repeatedly refused Plaintiff's requests to be placed in a single cell.   PA Echavarry ultimately referred Plaintiff to his supervisor, Dr. Kwarteng.

Dr. Kwarteng reviewed Plaintiff's complaint and determined that his urination issue was a psychological problem.  Dr. Kwarteng informed Plaintiff that it was, therefore, the

---

[1] The proper spelling of this defendant's last name is "Kwarteng."

psych department's responsibility to determine whether a single-cell restriction was appropriate.  Plaintiff believes that his paruresis condition is the cause of his progressive kidney injury and cannot be treated by the "psych department."

On April 1, 2020, Plaintiff woke up in the middle of the night with a bladder full of urine.  Because he had a cellmate, Plaintiff could not urinate because his nervous system was activated by his paruresis condition.  Plaintiff submitted several sick calls which were mostly ignored.  (D.E. 17, p. 8).  On June 8, 2020, Plaintiff was seen by PA Echavarry for his kidney pain.  PA Echavarry performed a urinary analysis and confirmed that Plaintiff was urinating blood.  PA Echavarry instructed Plaintiff to stop restricting his water intake and retaining his urine.  PA Echavarry again referred Plaintiff to Dr. Kwarteng, who saw Plaintiff on June 15, 2020.  Dr. Kwarteng again concluded that Plaintiff's issue was psychological and refused to assign Plaintiff a single-cell restriction.

According to Plaintiff, TDCJ policy provides medical housing services to offenders having certain physical or mental disabilities.  (D.E. 17, p. 10).  Under TDCJ policy, a doctor or a physician's assistant retains authority under TDCJ policy to assign single-cell housing to a qualifying inmate.  (D.E. 17, pp. 6-7).

On November 19, 2020, Defendants Kwarteng, Echavarry, and TDCJ (collectively "Defendants") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.E. 33).  On January 28, 2021, the undersigned issued a Memorandum and Recommendation (M&R), recommending that Defendants' Motion to Dismiss be: (1) granted only with respect to the dismissal of Plaintiff's ADA claims against Dr. Kwarteng

and PA Echavarry in their individual capacities; and (2) denied in all other respects.  (D.E. 36).  This M&R remains pending before the District Judge.

On April 29, 2021, Plaintiff filed his motions for a TRO and a preliminary injunction.  (D.E. 45).  Plaintiff asks the Court to direct Defendants to correct the ongoing violation of his Eighth Amendment and ADA rights and assign him to a single cell so that he can restore and maintain "full bodily circulatory functions of both [his] kidneys and bladder.  (D.E. 45, p. 7; D.E. 45-2).  Defendants respond that Plaintiff is not entitled to a TRO because he is seeking to change and not preserve the status quo.  (D.E. 46, pp. 3-4).  Defendants further contend that Plaintiff cannot satisfy any of the elements to be entitled to preliminary injunctive relief.  (D.E. 46, pp. 4-10).

## II.    DISCUSSION

### A.    Motion for TRO

A TRO "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974). A party may obtain a TRO without notice to the other side if:

(A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff has alleged no facts in his motion showing that "immediate and irreparable injury, loss, or damage" occurred before Defendants could be heard in this case. He further provided no written certification of any efforts made to give notice or proffer any reasons why notice should not be required. Plaintiff's motion for a TRO request (D.E. 45), therefore, is without merit and should be denied.

### B.      Motion for Preliminary Injunction

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

#### *(1)   Substantial Likelihood of Success on the Merits*

To obtain preliminary injunctive relief, Plaintiff first must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado*, 729 F.3d at 417. The relevant legal principles with respect to Plaintiff's deliberate indifference and ADA claims have been set

forth in the M&R (D.E. 36) and are incorporated by reference herein.  (*See* D.E. 36, pp. 6-7, 10-11).

In his motion seeking preliminary injunctive relief and attached affidavit, Plaintiff essentially restates the allegations set forth in his amended complaint.  (D.E. 45, 45-1). This posture of this case is in the early stage, and the parties have not conducted any discovery with respect to Plaintiff's claims. While the undersigned has recommended that Plaintiff's allegations were sufficient to state deliberate indifference and ADA claims, Plaintiff has not demonstrated at this time a substantial likelihood of success on the merits of such claims.

### (2)   *Irreparable Harm*

Second, in order to obtain preliminary injunctive relief, Plaintiff must show he will suffer irreparable harm if the injunction is denied. *Sepulvado*, 729 F.3d at 417.  Even assuming Plaintiff could demonstrate a likelihood of success on the merits of his claims, he has not shown a substantial threat of an irreparable injury.  Plaintiff's allegations indicate that he suffers from kidney infections and disease but that he has contributed to his medical issues by his own decision to restrict his fluid intake and retain his urine. Because his complaints of irreparable harm are speculative at this time, he cannot demonstrate a substantial threat that he will suffer irreparable injury if the injunction is denied.

### (3)   *Remaining Elements*

Under the third and fourth elements, Plaintiff must demonstrate that the threatened injury outweighs any damage that the injunction might cause the defendant and that the injunction will not disserve the public interest. *Sepulvado*, 729 F.3d at 417. His allegations of irreparable harm do not amount to a constitutional violation at this stage in the proceedings, and in the absence of such a violation, federal courts are reluctant to interfere in the internal affairs of a state prison system. *See Richie v. UTMB Hospital Galveston*, No. 2:12-CV-322, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18, 2012) (citing *Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988)).

Lastly, interference with TDCJ policies related to cell assignments, as well as decisions by medical personnel at the prison unit at this early stage in the proceedings, would not be in the public's interest without a without a full opportunity for the facts to be developed beyond Plaintiff's allegations. *See Kahey*, 836 F.2d at 951.   Accordingly, Plaintiff has failed to demonstrate either the third or fourth elements of the preliminary injunctive standard.

## III.   RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for TRO and Motion for Preliminary Injunction (D.E. 45) be **DENIED**.

Respectfully submitted on July 16, 2021.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).