Case 2:20-cv-00098   Document 56   Filed on 08/02/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-98 |
| | § | |
| ISAAC KWARTANG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION IN PART

Plaintiff Alfredo Vasquez, proceeding pro se and *in forma pauperis*, filed suit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). D.E. 17. Defendants, Dr. Isaac Kwarteng, Physician Assistant Erick Echavarry, and the Texas Department of Criminal Justice (TDCJ) (collectively "Defendants"), filed a motion to dismiss. D.E. 33. United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R), recommending that the Court grant Defendants' motion with respect to Vasquez's ADA claims against Kwarteng and Echavarry in their individual capacities and deny the motion in all other respects. D.E. 36.

Before the Court are Defendants' objections to the M&R (D.E. 38), to which Vasquez has responded (D.E. 40). After a careful review, the Court REJECTS the M&R in part, finding that Defendants did not concede that Vasquez is a qualified individual with a disability. The Court ADOPTS the M&R in all other respects.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Defendants present the following objections for review:

> (1) the Magistrate Judge erred by concluding that Vasquez stated a claim for deliberate indifference against Kwarteng and Echavarry;
>
> (2) the Magistrate Judge erred by stating that Defendants had conceded that Vasquez is a qualified individual with a disability under the ADA;
>
> (3) the Magistrate Judge erred by recommending that the Court retain Vasquez's ADA claims against Kwarteng and Echavarry in their official capacity; and
>
> (4) the Magistrate Judge erred by concluding that Vasquez stated an ADA claim against TDCJ.[1]

D.E. 38.

### I. Vasquez Alleged Sufficient Facts to State Deliberate Indifference Claims

Defendants argue that Vasquez failed to state a claim for deliberate indifference because neither Kwarteng nor Echavarry intentionally treated him incorrectly, refused to treat him, or ignored his complaints. D.E. 38, p. 1–3. Instead, "Vasquez alleges mere

---

[1] Defendants also objected to the Magistrate Judge's separate order directing Defendants to file their answer within 30 days (D.E. 35). D.E. 38, p. 6. Defendants have filed their answer (D.E. 42) so the objection is OVERRULED as moot.

disagreement with the medical treatment he has received." *Id.* at 3. The Court OVERRULES Defendants' first objection.

In his amended complaint, Vasquez stated that he has been complaining of his inability to urinate when near another inmate since 2005. D.E. 17, p. 4. Subsequently, in 2013, he was diagnosed with paruresis, or shy bladder syndrome, by a visiting physician assistant and was referred to the psychiatric department. *Id.* The psychiatric department verified the condition and stated that Vasquez would benefit from living in a single-occupancy cell. *Id.* Eventually, because the therapy sessions were ineffective and based on the recommendation of someone in the psychiatric department, Vasquez discontinued his therapy. *Id.* at 6. Vasquez was diagnosed with stage two kidney disease in 2013, which progressed to stage three in 2017. *Id.* at 6. Vasquez complained of his paruresis and kidney disease to Echavarry and Kwarteng multiple times, and both Echavarry and Kwarteng refused to provide him with single-occupancy housing despite being able to do so. *Id.* at 6–7. Instead, Kwarteng concluded that Vasquez's problem is psychological and referred him to the psychiatric department. *Id.* at 7.

Vasquez began to experience tremendous discomfort on April 1, 2020, and he submitted several sick call requests which were mostly ignored. *Id.* at 7–8. Echavarry saw Vasquez on June 8, 2020, and confirmed that Vasquez was urinating blood. *Id.* He told Vasquez to stop restricting his water intake and retaining his urine, and referred him to Kwarteng. *Id.* Kwarteng decided that his condition was psychological and refused to assign Vasquez to single-occupancy housing. *Id.*

Accepting the allegations as true, Echavarry and Kwarteng were both aware of Vasquez's paruresis and refused to authorize a single-occupancy cell as a treatment option. While Kwarteng determined that he had a psychological issue and referred him to the psychiatric department, Vasquez had already exhausted that treatment with no success and there was no indication that a repeat referral would prompt a different result. According to Vasquez, the repeat referral to the psychiatric department was a known ineffective response to his serious medical condition. The Court finds that Vasquez has alleged sufficient facts to state a claim for deliberate indifference to his serious medical needs.

## II. Defendants Did Not Concede That Vasquez Is a Qualified Individual With a Disability Under the ADA

The Magistrate Judge stated that Defendants acknowledged that Vasquez alleged facts sufficient to state that he is a "qualified individual with a disability" under the ADA. D.E. 36, p. 12. Defendants object, stating that they did not concede this issue. D.E. 38, p. 3. In their motion to dismiss, Defendants stated, "For the purposes of this motion, Defendants will assume, *arguendo*, that Vasquez has alleged a disability under the ADA." The Court SUSTAINS Defendants' objection, reserving the issue of whether Vasquez is a qualified individual with a disability as defined in the ADA for later proceedings.

## III. The Court Will Retain Vasquez's ADA Claims Against Kwarteng and Echavarry in Their Official Capacity

Defendants contend that Kwarteng and Echavarry are improper defendants for an ADA claim because only a "public entity is amen[]able to suit under the ADA." D.E. 38,

4 / 7

p. 4. However, individuals may be sued in their official capacity under the ADA. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412–14 (5th Cir. 2004) ("Defendants have been sued in their official capacities and are therefore representing their respective state agencies (which are proper Title II defendants) for all purposes except the Eleventh Amendment."). The Court OVERRULES Defendants' objection.

## IV. Vasquez Alleged Sufficient Facts to Support His ADA Claim

Defendants argue that the ADA is not violated by failing to attend to the medical needs of prisoners, and Vasquez has not alleged that he suffered discrimination solely because of his alleged disability. D.E. 38, p. 4–6. The Court OVERRULES Defendants' objections in this regard.

**Negligent Medical Care**. Defendants are correct that the ADA does not typically provide a remedy for negligent medical treatment. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 726 (5th Cir. 2020). However, Vasquez alleged more than negligent medical treatment. As discussed previously, he indicated that Defendants refused to provide him with proper disability accommodations. Further, he voiced complaints regarding the conditions of his confinement. These allegations provide a basis for his ADA claim that is separate from negligent medical care. *See id.* (holding that a request for a mobility device is a request for a reasonable accommodation, rather than medical treatment); *see Wright v. Tex. Dep't of Crim. Just.*, No. 7:13-CV-0116-O, 2013 WL 6578994 at*3–4 (N.D. Tex. Dec. 16, 2013) (holding that confinement in a prison is a service or program under the ADA and safe housing is a reasonable accommodation).

**Discrimination**. Vasquez alleged that Defendants violated the ADA by failing to provide him with reasonable accommodations. D.E. 34, p. 11. "In the prison context, . . . failure to make reasonable accommodations to the needs of a disabled prisoner may have the effect of discriminating against that prisoner because the lack of an accommodation may cause the disabled prisoner to suffer more pain and punishment than non-disabled prisoners." *McCoy v. Tex. Dep't of Crim. Just.*, 2006 WL 2331055 at *7 (S.D. Tex. Aug. 9, 2006).

"To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015). Here, whether Vasquez is a qualified individual with a disability is not in dispute at this time. Further, he repeatedly requested single-occupancy housing and Defendants were aware of his condition since 2013. Finally, Defendants failed to provide accommodations for his alleged disability, and this failure led to Vasquez suffering a serious medical condition. These alleged facts are sufficient to state an ADA claim.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, Defendants' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court SUSTAINS Defendants' objection to the statement that they conceded that Vasquez was a qualified individual with a disability.

The Court OVERRULES the remaining objections and ADOPTS the remaining findings and conclusions of the Magistrate Judge. The motion to dismiss (D.E. 33) is DENIED.

ORDERED this 2nd day of August, 2021.

*Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE